**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**AMANDA WORMAN**                                                                                          **PLAINTIFF**

**VS.**
                                         **CASE NO. 3:11-CV-3033-PKH**

**ALLSTATE INDEMNITY COMPANY**                                                      **DEFENDANT**

**AGREED PROTECTIVE ORDER**

Before the Court is the parties' Motion for Agreed-to Protective Order (Doc. 19), which is hereby GRANTED.  Based on the agreement of the parties and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  Plaintiff has sought from Defendant the discovery of certain information and documentation which Defendant considers to contain trade secrets and/or confidential/proprietary research, development, and commercial information (hereinafter referred to as "Discovery Material").

2.  Defendant may designate, by written notice, either incorporated in the matter disclosed or separately, any Discovery Material as "Confidential" if it believes that such material contains or reflects its trade secrets and/or other confidential and proprietary information.  All documents and information as they are reviewed for inspection or copying by Plaintiff are subject to confidentiality under the terms of this Order, and the designation and marking of any documents and information as "Confidential" may be done by Defendant as part of the photocopying process.  Defendant may also designate information disclosed in depositions as "Confidential" by indicating on the record at

the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Defendant may also designate information disclosed in depositions as "Confidential" by notifying Plaintiff in writing within ninety (90) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential."

     3.    Discovery Material designated as "Confidential" by Defendant may be used by Plaintiff only for purposes of preparing for and conducting pretrial and trial proceedings in this action. "Confidential" Discovery Material, and information derived therefrom, shall be shown only to Plaintiff and Plaintiff's counsel of record in this action and may be disclosed by such counsel only to the following persons:

    a.    Counsel for Plaintiff, employees or independent contractors of such counsel, and experts or consultants working with such counsel, as are required to assist in the preparation or conduct of this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and be advised that they are bound by it.

    b.    Officers, employees, agents or representatives of Plaintiff who are actually engaged in preparing for or conducting pretrial or trial proceedings in this action, but only to the extent necessary to do so; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and be advised that they are bound by it.

    c.    Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be

       given a copy of this Order, and be advised that they are bound by it.

    d.    This Court or any other court before which this action is pending, including any Court personnel, jurors, and all other persons lawfully present in the Court proceeding.

4.    Any person having access to "Confidential" Discovery Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

5.    At the conclusion of this civil action (conclusion defined as the earlier of trial or other disposition), any "Confidential" Discovery Material provided or produced, including all reproductions that may have been made of any such documents, materials or information shall be returned to the attorneys of Defendant or destroyed.

6.    Nothing in this Order shall prevent or prohibit Defendant from seeking additional protection as it deems necessary for protection of "Confidential" Discovery Material in this section.

7.    This Order is without prejudice to Defendant's right to bring before the Court at any time other objections to the production of any Discovery Material.

       IT IS SO ORDERED this 23rd day of April, 2012.


                                  /s/ P. K. Holmes, III
                                  P.K. HOLMES, III
                                  CHIEF U.S. DISTRICT JUDGE