IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMANDA WORMAN                                        PLAINTIFF/RESPONDENT

V.                                        No.  11-3033

ALLSTATE INDEMNITY COMPANY                        DEFENDANT/PETITIONER

## ORDER

Before the court is the Plaintiff's Motion to Compel (ECF No. 35) filed May 23, 2012. The matter was fully briefed, and a hearing was held on June 27, 2012, with counsel for both parties in attendance. The Court hereby finds and orders as follows:

Plaintiff's Interrogatory No. 2 sought information concerning the Defendant's named expert witnesses. The parties agreed that the Defendant produced the requested information following the filing of the Plaintiff's motion to compel. The Court deems that the Defendant has complied with this request.

Plaintiff's Interrogatory No. 9 sought the identity of the Defendant's corporate representative for trial and Rule 30(b)(6) representative, if different. This request is denied as premature, except the Defendant shall identify any non-testifying corporate representative at least two weeks before the trial date of this matter.

Plaintiff's Motion to Compel regarding Interrogatory No. 14 sought entries for the Defendant's medical experts, Dr. McAlister and Dr. Michael Morse, from the "Expert Consultant Reference Catalog" or its successor database. The Defendant represents that it has not located any such catalog entries and that no such catalog or expert tracking device was consulted in this

-1-

case, as the experts were selected by counsel for the Defendant. As such, this request is denied.

Plaintiff's Interrogatory Nos. 19 and 20 sought authenticated discovery responses stating the Defendant's total assets, liabilities, revenues, operating expenses, and net profits for the past five years, claiming that such information was relevant to the Plaintiff's claim for punitive damages stemming from a count in the Plaintiff's complaint alleging the tort of bad faith. The Defendant argued that the Plaintiff must make a prima facie case of entitlement to punitive damages before the Defendant is required to produce this type of financial information. The Court notes that the Defendant has filed a motion for partial summary judgment on the bad faith issue, which remains pending. Therefore, these requests will be denied without prejudice. The Plaintiff must make a prima facie bad faith case before seeking to obtain the requested financial information.

Plaintiff's Request for Production No. 4 seeks a detailed history of payments made to the Defendant by or on behalf of the Plaintiff with regard to the insurance policies at issue in this case. The Defendant claims that the information is cumulative, may be unobtainable, and in any event, has already admitted that the insurance policy applies in this case. The Plaintiff responds that under the precedent of Old Chief v. United States, 519 U.S. 172, 186-87 (1997), she is entitled to present her case by evidence of her own choice, and the Defendant may not stipulate around the Plaintiff's desired proof. The Court finds that this request is reasonable and should be granted.

Plaintiff's Request for Production No. 12 seeks a full and complete computer printout from the Defendant's computer program showing how the Plaintiff's underinsured motorist claim was evaluated, to include a screenshot of each screen containing information relating to the

claim. The Defendant responds that it has provided a summary of this information and further information would be cumulative. Upon further questioning by the Court, the Plaintiff countered that she seeks a complete picture of the information inputted into the Defendant's computer system, and that the summary is not likely to contain all such information. The Court finds that the Plaintiff is entitled to any information inputted into the Defendant's computer program in association with this case, so this request is granted.  To the extent that the "screenshots" exist to document the information that was inputted into the program the Defendant is ordered to produce the "screenshots".

Plaintiff's Request for Production No. 13 sought non-computerized claims evaluation documents. The Defendant represents that paper copies of evaluations have been provided. The Court deems that the Defendant has complied with this request.

Plaintiff's Request for Production Nos. 15 and 16 sought copies of the entire claims file located at the Defendant's branch, regional, and home offices. The Defendant objected on the basis of privilege, stating that many of the documents were produced after this litigation was anticipated and/or commenced in 2007 in a non-suited state court matter. The Court must determine whether the documents were prepared in the course of the Defendant's ordinary insurance business, or whether they were produced in anticipation of litigation. To aid in that determination, the Defendant produced a privilege log, and the Court made an in camera inspection of the documents in controversy. The Court's findings are as follows:

1.  Documents bearing bates labels 22-43 are portions of claim activity logs. The Court has reviewed these documents and finds them to be privileged.

2.  Documents bearing bates labels 84-95 comprise an "involved person statement"

generated 1/18/2010 and handwritten notations on summaries of medical bills provided by the Plaintiff. The Defendant agreed to produce these materials.

3.  The document bearing bates label 482 is a 1/3/2008 request for copies of the claim file, and the Defendant agreed to produce this document.

4.  Documents bearing bates labels 559-561 consist of a Colossus Assessment for General Damages generated April 27, 2010. The Defendant agreed to produce this document.

5.  The document bearing bates label 599 are handwritten notes of a defense representative. The Court finds that this document is work product prepared in anticipation of trial and is shielded from production.

6.  Documents bearing bates labels 652-654 are charts relating to Plaintiff's medical treatment. The Court finds that these documents are work product prepared in anticipation of trial and are shielded from production.

7.  Documents bearing bates labels 919-924 are handwritten notations on summaries of medical bills provided by the Plaintiff. The Defendant agreed to produce these materials.

8.  The document bearing bates label 963 contains activity log notes between April and October 2010. The Court finds that this document is work product prepared in anticipation of trial and is shielded from production.

9.  The document bearing bates label 1500 is a 1/3/2008 request for copies of the claim file, and the Defendant agreed to produce this document.

Accordingly, Plaintiff's Request for Production Nos. 15 and 16 are granted in part, denied in part.

Plaintiff's Request for Production No. 18 sought claims handling materials for under-

insured motorist claims. The Defendant represents that it produced the requested information following the filing of the Plaintiff's motion to compel and the entry of an agreed Protective Order. Therefore, the Court deems that the Defendant has complied with this request.

Plaintiff's Request for Production No. 19 seeks the systems operating manual for the claims evaluation computer program. The Plaintiff asserts that this manual is needed to determine whether the Defendant's claims representatives were properly trained and followed internal guidelines for properly inputting information about the Plaintiff's claim into the Defendant's computerized claims evaluation system. The Defendant responds that this information is cumulative. The Court finds that this information is not relevant at this time and that the request should be denied without prejudice to the extent that later discovery may open the door to relevance of this information.

Plaintiff's Request for Production Nos. 20-21 sought any other claims handling materials not covered by other discovery requests. The Defendant represents that it has produced the requested information other than the information addressed above pertaining to Request for Production No. 19. Therefore, the Court deems that the Defendant has complied with this request.

Plaintiff's Request for Production No. 31 sought documents created for Allstate by McKinsey & Company relating to claims adjustment.  The Defendant agreed to produce documents generated from a review it conducted in the mid-1990s with the assistance of third-party consulting firm, McKinsey & Company. The Defendant agreed to produce these documents, and as such the Plaintiff's request for this information will be granted.  The Defendant is further order to produce these documents in a reasonably usable form.  The court

makes no determination concerning whether the Defendant has complied with this requirement. If the Plaintiff believes that the Defendant has failed to comply she should file a specific motion explaining why she believes the Defendant has not complied.

The Plaintiff's Second Motion to Compel is, therefore, GRANTED in PART and DENIED in PART.

IT IS SO ORDERED this 30th day of July 2012.


*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES DISTRICT JUDGE