IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMANDA M. WORMAN                                                   PLAINTIFF

v.                          Case No. 3:11-CV-03033

ALLSTATE INDEMNITY COMPANY                                DEFENDANT

**ORDER**

        Currently before the Court are Plaintiff Amanda Worman's Motion for Partial Summary Judgment (Doc. 44) and supporting documents; Defendant Allstate Indemnity Company's ("Allstate") Response in Opposition (Doc. 54) and supporting documents; and Plaintiff's Reply (Doc. 57). Also before the Court are Plaintiff's Motion for Default Judgment (Doc. 52) and supporting documents, and Allstate's Response in Opposition (Doc. 59). For the reasons stated herein, Plaintiff's Motions for Partial Summary Judgment (Doc. 44) and Default Judgment (Doc. 52) are **DENIED**.

**I. Background**

        This case arises from a motor vehicle collision in which Plaintiff allegedly suffered injuries and damages caused by a negligent and underinsured motorist named Deborah Lever. Ms. Lever had an automobile insurance policy with bodily injury limits of $25,000 per person. According to the Complaint, Plaintiff's injuries and damages exceeded Ms. Lever's primary policy limits, which activated the underinsured motorist provision of Plaintiff's own auto insurance policy with Allstate.

        After Plaintiff settled her claim against Ms. Lever's insurance company for the policy limits, Plaintiff made a claim against Allstate for underinsured motorist policy benefits. Allstate denied her claim. Plaintiff now contends that Allstate refused to pay without conducting a reasonable

investigation to confirm the validity and objectivity of the medical evidence of Plaintiff's injuries. Plaintiff further contends that Allstate failed to provide any information as to why it chose to disregard objective medical evidence in denying Plaintiff's claim. Plaintiff demands relief in the form of a judgment against Allstate for underinsured motorist insurance policy limits in the amount of $25,000; attorney's fees, interest, and a twelve percent (12%) statutory penalty for breach of contract; and both compensatory and punitive damages for Allstate's alleged bad faith in handling Plaintiff's claim.

## II. Motion for Partial Summary Judgment (Doc. 44)

For purposes of summary judgment, the Court views the facts in a light most favorable to the non-movant, which in this case is Allstate. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)). The non-movant must be given the benefit of any inferences that logically can be drawn from those facts. *Id.*

Plaintiff's Motion for Partial Summary Judgment is limited to a request for dismissal of Allstate's affirmative defense of intervening cause. This affirmative defense, which was asserted in Allstate's Supplemental Answer to Plaintiff's Complaint (Doc. 15) is as follows:

> Defendant affirmatively states that following any act or omission on the part of Ms. Lever, the underinsured motorist, events intervened that in themselves caused damage completely independent of her conduct. This includes, but is not limited to, subsequent medical treatment by certain chiropractors, prescription of medication by doctors along with other matters independent and separate from normal treatment for her alleged injuries.

Plaintiff maintains that Allstate has no evidence that any physician actually harmed Plaintiff by providing care, including chiropractic care, or by prescribing Plaintiff certain medications. Nor does Allstate possess evidence, according to Plaintiff, that Plaintiff failed to use reasonable care in

selecting medical care providers. For these reasons, Plaintiff seeks a judgment in her favor on Allstate's affirmative defense of intervening cause, as well as an order prohibiting Allstate from blaming a "phantom cause" for Plaintiff's injuries or from alleging that Plaintiff received inadequate care that caused independent harm subsequent to the car accident at issue. (Doc. 44, p. 2).

Allstate in its Response maintains that it should not be precluded from arguing at trial that an intervening cause contributed to Plaintiff's damages. Although Allstate fails to point to a specific intervening cause and instead argues that Plaintiff either was not seriously injured in the car accident at issue or, in the alternative, did not suffer injury and money damages to the extent claimed in this lawsuit, the Court concludes that summary judgment on this defense is inappropriate at this time for two reasons. First, although no specific intervening cause has been identified, Allstate has asserted generally that, after Plaintiff's car accident in 2005, Plaintiff underwent physical therapy for back pain in late 2006, was discharged after improvement to her condition, and then began physical therapy again some five years later in 2011. Allstate contends that this separation of several years between physical therapy treatments creates a factual issue for the jury regarding whether an intervening event provoked the later round of treatment. (Doc. 55, p. 14). Second, the facts in this case are still being developed. Discovery deadlines have been recently extended. *See* Third Amended Final Scheduling Order, filed October 18, 2012 (Doc. 69), and Text Only Order Granting Joint Motion to Enlarge Time to Complete Discovery, filed November 1, 2012. Accordingly, when proof of an intervening cause may still be uncovered through discovery, striking this affirmative defense prior to trial would be premature.

The intervening cause defense, as stated by Allstate, "includes, but is not limited to" subsequent medical treatment by Plaintiff's doctors. (Doc. 15). This caveat implies that there may

be other theories contemplated by Allstate to substantiate its intervening cause defense. Further, the Court finds that Plaintiff's objections to Allstate's affirmative defense of intervening cause would be more appropriate if brought immediately prior to trial, through a motion in limine; or during the course of trial, through objections to testimony or other evidence presented on this issue. Plaintiff may also, at the conclusion of Allstate's case, request that the Court refuse to issue a jury instruction on intervening cause, if such an instruction is unwarranted in light of the evidence presented at trial.

Finally, Plaintiff has cited in her Motion for Partial Summary Judgment to the Arkansas Supreme Court case of *Ponder v. Cartmell*, 301 Ark. 409 (1990), for the proposition that a plaintiff's misdiagnosis and subsequent improper medical treatment for injuries sustained in an accident cannot, as a matter of law, be considered an intervening cause of damage, so long as reasonable care has been used in selecting physicians. *See* Doc. 57, pp. 1-2. Here, Plaintiff contends that Allstate plans to argue to the jury, contrary to the rule in *Ponder*, that the malpractice or misdiagnosis of Plaintiff's doctors in the course of caring for Plaintiff's car accident-related injuries caused certain other injuries and damages, and that the doctor-caused injury was an intervening cause of damages.

The Court agrees with Plaintiff that it would be objectionable for Allstate to argue at trial that Plaintiff may not recover damages incurred as a result of doctor malpractice or negative side-effects from doctor-prescribed medication, provided that Plaintiff can show that she used reasonable care in selecting her doctors, and Plaintiff's consultation with those doctors was for injuries proximately caused by the automobile accident that is the subject of this lawsuit. The limited holding of the *Ponder* case is that "[i]f a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is

medically necessary, are recoverable." *Ponder*, 301 Ark. at 412.[1] The *Ponder* rule does not mean that any and all medical care sought by Plaintiff after her car accident must be 1) considered reasonable and necessary or 2) due to injuries proximately caused by the accident. The *Ponder* rule when applied to the instant case would only serve to preclude argument by Allstate that Plaintiff should not be compensated for injuries caused by treating physicians during the course of reasonably sought medical care for other injuries proximately caused by Plaintiff's car accident.

Accordingly, Plaintiff's Motion for Partial Summary Judgment on Allstate's affirmative defense of intervening cause is **DENIED** without prejudice to Plaintiff's ability to re-assert her arguments prior to or during trial of this matter.

### III. Motion for Default Judgment (Doc. 52)

Plaintiff seeks a default judgment against Allstate due to Allstate's alleged non-compliance with an Order of the Court, dated July 30, 2012 (Doc. 41), requiring Allstate to produce to Plaintiff certain documents following a discovery dispute between the parties. Plaintiff suggests that striking Allstate's Answer and entering default judgment in favor of Plaintiff is an appropriate remedy for Allstate's alleged discovery abuses, according to Fed. R. Civ. P. 37(b)(2). Allstate responds that it "has fully complied with the Court's discovery Order in this case and has more than satisfied its discovery obligations under Federal Rule of Civil Procedure 26." (Doc. 59, p. 3).

The Court lacks sufficient facts to conclude that any discovery Order was violated by

---

[1] By way of illustration, the *Ponder* court noted that, according to basic tort principles, if A's negligence caused B serious harm, and as a result, B was taken to a hospital where B's surgeon improperly diagnosed his case and performed an unnecessary operation, A's negligence would be considered the legal cause of the additional harm which B sustained. *Id.*, citing to Restatement (Second) of Torts, § 457, Illustration 1.

Allstate. Currently, there is a third Motion to Compel in this case filed by Plaintiff that is set for hearing on November 7, 2012, before the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. Resolution of this third Motion to Compel may eliminate the parties' ongoing discovery disputes, including the dispute about the production of documents by Allstate that Plaintiff references in her Motion for Default Judgment. In any event, it is clear to the Court that the drastic remedy of default judgment is unwarranted for a number of reasons. First, the previous two Motions to Compel filed by Plaintiff were vigorously contested by Allstate, with the result that the Court denied the first Motion to Compel as moot (Doc. 24) after directing the parties to confer and attempt to resolve the dispute themselves, and then granted in part and denied in part the Second Motion to Compel (Doc. 41) after the issues were fully briefed by the parties and the Court held an evidentiary hearing. Second, justice would not be served through the entry of default judgment, as Allstate has mounted a thorough defense to this action at all times. Third, the Court is without evidence to definitively conclude that Allstate's response to the Court's July 30, 2012, Order was anything other than sufficient. Accordingly Plaintiff's request for a default judgment against Allstate is **DENIED**.

Turning now to the remainder of Plaintiff's Motion for Default Judgment, in which Plaintiff suggests certain alternative relief, the Court declines Plaintiff's request to deem certain facts – that are the subject of the parties' discovery dispute – as having been admitted by Allstate. Plaintiff is at liberty to establish the veracity of those facts at the trial of this matter. As for Plaintiff's request for a stay of these proceedings until Allstate complies with the Court's July 30, 2012 Order on Plaintiff's second Motion to Compel, this request is now moot, due to the fact that 1) trial of this matter has been continued to January 22, 2013, on motion of Plaintiff; 2) the discovery deadline in

this case has also been continued by Order dated November 1, 2012, and the Court has been informed that Plaintiff is scheduled to take the depositions of the Allstate witnesses she requested; 3) Plaintiff's third Motion to Compel is currently before the Court for resolution, and the issuance of any penalties associated with the parties' discovery disputes would be premature in light of the pending discovery Motion; and 4) Plaintiff was already granted an extension on filing a response to Defendant's renewed Motion for Partial Summary Judgment (Doc. 49), by Order dated September 25, 2012.

Accordingly, Plaintiff's request for alternative relief, as articulated in her Motion for Default Judgment is **DENIED**, and her request for various forms of alternative relief are also **DENIED** due to mootness.

## IV. Conclusion

The Court finds that Plaintiff's Motions for Partial Summary Judgment (Doc. 44) and for Default Judgment (Doc. 52) are both **DENIED**.

As to the Motion for Partial Summary Judgment, the Court finds that there remain genuine issues of material fact in dispute regarding Allstate's affirmative defense of intervening cause. The Court's denial of Plaintiff's Motion for Partial Summary Judgment is made without prejudice to Plaintiff's ability to re-assert her arguments prior to or during trial of this matter, if Allstate fails to present evidence sufficient to establish its defense of intervening cause. Further, Plaintiff may make her objections and/or file motions with the Court in the event Allstate attempts to make an argument to the jury that is contrary to basic tort law, as articulated in the case of *Ponder v. Cartmell*.

As to the Motion for Default Judgment, the Court declines to enter this drastic remedy in part because various discovery disputes between the parties are ongoing and contested. The alternative

remedies requested by Plaintiff are either denied – in the case of Plaintiff's request to deem certain facts admitted – or moot, as deadlines in this case have already been extended in prior Orders.

    **IT IS SO ORDERED** this 6th day of November, 2012.

                                                  /s/ P. K. Holmes, III
                                                  P.K. HOLMES, III
                                                  CHIEF U. S. DISTRICT JUDGE